# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00043 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| HERBERT G. EVANS, JR., ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant is charged by indictment with threatening to assault and murder a United States judge, in violation of 18 U.S.C.A. § 115(a)(1)(B), -(b)(4) (West 2000 & Supp. 2007) (Count One) and forcibly intimidating and interfering with an employee of the United States, in violation of 18 U.S.C.A. § 111(a)(1) (West Supp. 2007) (Count Two). He has moved for a severance of the counts for trial. The motion has been briefed and is ripe for decision.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

- 1 -

The factual background of these charges is set forth in an opinion of the court of appeals in earlier proceedings concerning the government's request to involuntarily medicate the defendant:

> On November 4, 2002, Evans, then a 74-year-old military veteran, entered the Rural Development Agency (RDA) office in Wytheville, Virginia to complain about a late-payment notice he received on a housing loan. The RDA, which is an arm of the United States Department of Agriculture (USDA), administered the loan. According to the RDA agent with whom Evans spoke, Evans became extremely angry and loud, and claimed that the late notices were evidence that the government was "out to get him." He told the agent that the "United States was heading toward communism" and that he had three crosses in his yard—"one for Ruby Ridge, one for Waco, and one for Oklahoma City." He said that he "had lived his life, and would not mind taking a few with [him]." Evans then stated that "he was experienced . . . with chemical and biological warfare and . . . the [RDA should] get the situation straightened out with his loan [because] . . . they didn't [know what terrorism was] until they saw what he could do."
>
> . . . .
>
> [O]n January 23, 2004, the Government filed a criminal complaint against Evans charging him with violating 18 U.S.C.A. § 115(a)(1)(B) (West 2000) for "threaten[ing] to murder a United States judge, with intent to retaliate against such judge, on account of the performance of official duties." The affidavit submitted with the complaint alleged that, while incarcerated at New River Valley, Evans stated to fellow inmates that the magistrate judge was responsible for his continued incarceration, that "he [had] a good idea where [the magistrate judge] resides" and that "when he is released from prison he will find her, hunt her down, and get rid of her and her family."

- 2 -

Case 1:07-cr-00043-JPJ   Document 107   Filed 08/27/07   Page 2 of 5   Pageid#: 248

*United States v. Evans*, 404 F.3d 227, 232-33, 234 (4th Cir. 2005).[2]

The Federal Rules of Criminal Procedure provide that

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). In this case, the government asserts that the two offenses charged are "of the same or similar character."

The question of whether charges are of the same or similar character within the meaning of Rule 8(a) is barren of precise guidelines and is often controversial. *See* Charles Alan Wright, 1A *Federal Practice and Procedure Criminal* § 143 (3d ed. 1999). An important factor to consider is whether evidence of one crime would be admissible in the separate trial of the other. *See United States v. Foutz*, 540 F.2d 733, 737-38 (4th Cir. 1976) (finding improper joinder of two separate bank robbery charges where government contended that evidence of one robbery would be admissible in the trial of the other charge as "handiwork" or "signature" evidence). If so, the prejudice to the defendant by joinder is obviously minimized, since the jury would inevitably hear of the other crime in the separate trial in any event. *Id.* at 337.

---

[2] The defendant was eventually involuntarily medicated and is now competent to stand trial.

In the present case, the government argues that the evidence of the separate crimes would be admissible under Federal Rule of Evidence 404(b) to show the defendant's motive, intent, or absence of mistake or accident. *See United States v. Blount*, 364 F.3d 173, 181 (4th Cir. 2004), *vacated and remanded on other grounds*, 543 U.S. 1105 (2005). In *Blount,* the defendant was charged with obstructing justice and interfering with a court security officer and deputy United States marshal. During a court proceeding at which his mother was being sentenced, the defendant had made several outbursts. As he was being removed from the courtroom by a court security officer, his mother fainted. The defendant broke free and rushed toward the front of the courtroom, where officers eventually subdued him. The court of appeals held that the trial judge did not abuse his discretion in allowing the government to introduce under Rule 404(b) evidence that earlier the defendant had had an angry encounter with a deputy clerk in the clerk's office over a request to allow his mother to travel to see her doctors. This evidence was admitted to show that defendant's later conduct in the courtroom was not an accident and that he "held an intent that carried a general disregard for the court and its personnel in the handling of his mother's tax fraud case." *Id.*

While it is possible in the present case that the facts of one crime might be admissible in a separate trial of the other, that is not clear at this point. The court has

an obligation to balance the probative value of the 404(b) evidence with any unfair prejudice to the defendant.  *See* Fed. R. Evid. 403; *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).  While the government must prove specific intent under both charges, the facts likely show that the intent claimed with respect to the threat to murder the magistrate judge was retaliation, while that with respect to the USDA employee was intimidation.  The alleged offenses occurred some time apart and under different circumstances.  While if believed, both instances show a propensity by the defendant to make threats of deadly violence, I cannot at this point determine that such evidence would be admissible at separate trials.

Accordingly, I find that the charges here are not of the same or similar character within the meaning of Rule 8(a).  It is therefore **ORDERED** that the Motion for Severance of Counts is GRANTED.  Count One will be tried separately on September 24, 2007, the day originally scheduled for trial.  The parties will promptly contact the court's scheduler to fix the date of the trial for Count Two.

ENTER: August 27, 2007

/s/ JAMES P. JONES
Chief United States District Judge